UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORENZO BRYANT, | ) |
| Petitioner, | ) |
| v. | ) No. 1:16-cv-02016-JMS-DKL |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Lorezno Bryant for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC16-04-0161. For the reasons explained in this Entry, Bryant's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On April 10, 2016, Officer Fleming wrote a Report of Conduct in case CIC 16-04-0161 charging Bryant with Assault on Staff, offense A117. The Report of Conduct states:

> At approximately 12:33 AM on 4/10/2016, I, Ofc. T. Fleming #42, was on the 3 range of E-Unit. While passing Off. Bryant Lorenzo #202343 3A-3E, Off. Bryant stepped toward and used his right shoulder and upper arm to hit the right side of my body, pushing me out of his path. At this time Ofc. K. Flockhart ordered Off. Bryant to submit to mechanical restraints and Off. Bryant was escorted to ARH.

On April 13, 2016, Bryant was notified of the charge of assault on staff and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Bryant was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested two other offenders as witnesses, and camera footage as physical evidence.

The hearing officer conducted a disciplinary hearing in CIC 16-04-0161 on May 5, 2016, and found Bryant guilty of the charge of assault on staff. In making this determination, the hearing officer considered the video evidence. The hearing officer recommended and approved the following sanctions: 45 days lost phone privileges, 90 days disciplinary segregation, a 90 day deprivation of earned credit time, and a demotion from credit class I to credit class II.

Bryant appealed to the Facility Head on May 5, 2016. The Facility Head denied the appeal on June 7, 2016. Bryant's appeal to the Appeal Review Officer was denied on June 29, 2016. Upon further review by the Appeal Review Officer, the charge in Bryant's disciplinary conviction was reduced from the class A offense of Assault on Staff to the class B offense of Assault and Battery.

## C. Analysis

Bryant seeks a writ of habeas corpus arguing that merely bumped into the officer and did not assault him and that there was no serious bodily injury warranting the conviction for a Class A offense.

Upon appeal within the facility, Bryant's charge was reduced from A117 Assault on Staff, which occurs when an inmate commits and assault or battery on a staff person resulting in bodily injury, to B212 Assault and Battery, which occurs when an inmate commits and assault or battery that does not result in bodily injury. Because the charge was reduced to a charge that does not require injury to the victim, the argument that his actions did not cause injury is moot. In addition, there was no due process error in modifying the charge on appeal within the facility. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). The loss of credit time and reduction in credit class imposed on Bryant are within the range of appropriate sanctions under IDOC policy for class B offenses. Bryant has shown no error in maintaining the sanctions after the charge was reduced.

Bryant's argument that he merely bumped into the officer and did not assault him may be understood to be an argument that the evidence against him was insufficient. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. Here, there is evidence that, including the conduct report, that Bryant struck a correctional officer with his

shoulder. This evidence is sufficient to find Bryant guilty of assault. He has therefore failed to show that his due process rights were violated.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bryant to the relief he seeks. Accordingly, Bryant's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/24/2017

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

LORENZO BRYANT
202343
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064